```
                   UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| HEATHER McCLANAHAN, | : | NO. 1:10-CV-651 |
| Plaintiff, | : |  |
| vs. | : | **OPINION AND ORDER** |
| MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY, | : |  |
| Defendant. | : |  |

This Matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 11), to which there were no objections. For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation to the extent it finds the ALJ made reversible error in his determination of non-disability. As there is substantial evidence supporting a finding of disability, the Court REJECTS the Magistrate Judge's recommendation that the matter be remanded, and instead REVERSES the ALJ's decision and AWARDS Disability Insurance Benefits to Plaintiff.

On May 27, 2006, Plaintiff filed an application for Disability Insurance Benefits (DIB), alleging a disability onset date of October 1, 2005, due to a bad back, fibromyalgia, seizures, and depression (doc. 22). After Plaintiff's claims were denied

initially and upon reconsideration, she requested a hearing de novo before an Administrative Law Judge (ALJ) (Id.). On November 9, 2009, the ALJ entered his decision denying Plaintiff's DIB application (Id.). The Appeals Counsel denied Plaintiff's request for review (Id.). Therefore, the ALJ's decision stands as the Defendant's final determination (Id.).

In his Findings, the ALJ determined that none of Plaintiff's impairments, or combination thereof, meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Id.). Further, although the ALJ determined that Plaintiff could not perform her prior work as a registered nurse, he concluded based upon testimony from the vocational expert (VE) that considering claimant's age, education, work experience, and residual functional capacity (RFC), there are jobs that exist in significant numbers in the national economy that the claimant can perform (Id. citing 20 C.F.R. 404.1569, 404.1569(a)). Therefore, the ALJ concluded that Plaintiff was not under a disability as defined by the Social Security Regulations and was not entitled to DIB (Id.).

On appeal to this Court, Plaintiff maintains that ALJ Armstead erred by: (1) improperly rejecting the opinion of Plaintiff's treating psychiatrist; and (2) inadequately assessing Plaintiff's pain and credibility (Id.).

**A. First Assignment of Error**

2

In her first assignment of error, Plaintiff complains that the ALJ improperly rejected the findings and conclusions of her treating psychiatrist, Doug S. Moon, M.D. in favor of opinions given by less qualified state consultants (Id.). Dr. Moon, who first examined Plaintiff in May 2006, opined on several occasions in 2007 and 2008 that Plaintiff would be unable to maintain employment due to a combination of her depression and chronic physical pain (Id.). Although Dr. Moon did not treat Plaintiff for physical symptoms, he repeatedly explained that Plaintiff's chronic pain heightened her depression, and vice versa, resulting in disability (Id.). The Magistrate Judge found that Dr. Moon's records reflect a consistent and continuing decrease in Plaintiff's activity level, corresponding with an increase in the severity of her symptoms over time (Id.).

The Magistrate Judge indicated that although the ultimate determination of disability is reserved to the Commissioner, Dr. Moon's opinions were entitled to "controlling weight" to the extent that they were "well-supported" (Id.). The Magistrate Judge added that by contrast, if the treating physician's opinion is not supported by objective medical evidence, the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for his rejection (Id. citing Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 477 (6th Cir. 2003).

Dr. Moon opined that Plaintiff would meet or equal a

3

Listed impairment (Id.).  Dr. Moon also provided multiple opinions concerning Plaintiff's functional abilities in a workplace setting (Id.).  Support for Dr. Moon's opinions is found in his written assessments, correspondence, and clinical notes (Id.).  Dr. Moon indicated on multiple occasions in February and March 2008 that Plaintiff would be unable to adjust to or function in a workplace environment as a result of her pain and depression (Id.).  Few of Dr. Moon's records support the Defendant's non-disability finding, although two records in August and October of 2007 suggested that Plaintiff's condition was improving, at least temporarily (Id.).

In his decision, the ALJ first rejected Dr. Moon's conclusion that Plaintiff's symptoms were severe enough to meet or equal a Listed impairment (Id.).  The ALJ's opinion focused on the infrequency with which Dr. Moon saw Plaintiff and on the limited number of chart notes supplied (Id.).  The ALJ also pointed to inconsistencies between Dr. Moon's opinions and his responses to a checklist of categories involving making work, performance, and social adjustments, all but one of which were "unlimited/very good" to "fair" (Id.).  Thus, although the ALJ focused on Dr. Moon's opinion that Plaintiff's symptoms met or equaled a Listed impairment, the ALJ also rejected all of Dr. Moon's assessments of Plaintiff's functional abilities (Id.).

The Magistrate Judge said that like the ultimate determination of disability - discussed above - the determination

of a plaintiff's RFC is reserved to the Commissioner (Id.). An ALJ must give controlling weight to the opinions of treating physicians, but where conclusions are not substantiated by objective evidence, the ALJ is not required to credit those conclusions (Id. citing Cutlip v. Secretary of Health and Human Services, 25 F.3d 284, 287 (6th Cir. 1994)).

Plaintiff argues that the ALJ's wholesale rejection of Dr. Moon's multiple opinions reflects four errors: (1) a failure to reference Plaintiff's treatment with the psychotherapist who worked with Dr. Moon; (2) a misinterpretation of Plaintiff's treatment regimen; (3) a failure to provide "good reasons"; and (4) over-reliance upon state agency consultants (Id.). Because they are closely related, the Magistrate Judge considered the first three assignments of error together (Id.). Plaintiff also briefly discussed a fifth error: that the ALJ improperly rejected Dr. Moon's opinions concerning the combination of Plaintiff's chronic pain and depression (Id.).

The Magistrate Judge found that the ALJ erred in failing to acknowledge the records of Plaintiff's treating psychotherapist, Audrey Berlin, MS, LPC, and that that error in turn led to a mischaracterization of the frequency and extent of Plaintiff's mental health treatment (Id.). The Magistrate Judge found that due to the ALJ's mischaracterization of the record, the ALJ's reasons for rejecting Dr. Moon's assessment in total do not satisfy the

5

regulatory requirement that an ALJ provide "good reasons" for rejecting the opinions of treating physicians (Id.).

The Magistrate Judge stated that Social Security regulations require consideration of all medical opinions, not just those of treating physicians (Id. citing 20 C.F.R. § 1527(d)). As a psychotherapist Ms. Berlin is not an "acceptable medical source" such as a treating physician or licensed psychologist; therefore, her opinions are not entitled to "controlling weight" (Id. citing 20 C.F.R. §§ 404.1527(a)(2); 404.1527(d); 416.927(a)(2); 416.927(d)). Nevertheless, the ALJ could not simply ignore her opinions (Id.). Opinions from medical sources who are not "acceptable" medical sources should still be considered under the factors set forth in 20 C.F.R. § 404.1527(d)(2), including "how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion" (Id. citing Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 541 (6th Cir. 2007)). The Magistrate Judge found that Ms. Berlin's records provide significant additional clinical support for the opinions of Dr. Moon (Id.). Moreover, both Ms. Berlin's and Dr. Moon's records are inconsistent with the ALJ's finding that Plaintiff sought mental health treatment infrequently, and only for "maintenance" (Id.).

The Magistrate Judge found that the records reflect that the focus of treatment from Dr. Moon was management of Plaintiff's

6

symptoms through medication (Id.). Simultaneously, Dr. Moon prescribed individual psychotherapy with Ms. Berlin (Id.). The Magistrate Judge said that in light of this, the Plaintiff's treatment was neither "infrequent" nor solely for "maintenance" (Id.). Plaintiff averaged nearly two visits per month between Dr. Moon and Ms. Berlin, and was scheduled for more but was unable to attend due to a combination of insurance issues, chronic pain, and depression (Id.). Furthermore, the Magistrate Judge found that the records reveal substantial supporting notes and correspondence from both Dr. Moon and Ms. Berlin explaining the course of treatment and support for Dr. Moon's findings (Id.).

The ALJ also rejected Dr. Moon's assessment based upon his determination that Plaintiff continued to engage in activities of daily living such as caring for her son, completing household chores, shopping, driving, and attending religious services on a regular basis (Id.). However, the Magistrate Judge found that there is no evidence in the record that this level of activity, last reported to a consulting psychologist in January of 2006, continued beyond that point in time or at any point after Plaintiff was diagnosed with depression (Id.). In fact, the Magistrate Judge added, medical records from various sources as well as Plaintiff's own testimony reflect that Plaintiff's activities decreased over time (Id.). The Magistrate Judge found that taken as a whole, the errors in the ALJ's analysis amount to a lack of "good reasons" for

7

failing to provide those opinions "controlling" weight (Id. citing Rogers v. Commissioner, 486 F.3d 234, 242-43 (6th Cir. 2007); Hensley v. Astrue, 573 F.3d 263, 267 (6th Cir. 2009)).

Plaintiff also argues that the ALJ improperly rejected Dr. Moon's opinions in favor of the opinion of a non-examining consulting psychologist, Melanie Bergsten, Ph.D., with unspecified additional weight given to two examining consultants (Id.). The ALJ determined that Plaintiff has but a single non-exertional mental limitation, based on Dr. Bergsten's opinion (Id.). Plaintiff argues that the ALJ's reliance on Dr. Bergsten was error because Dr. Bergsten completed her records review prior to Plaintiff's treatment with Dr. Moon and Ms. Berlin (Id.).

The Magistrate Judge indicated that the ALJ relied too heavily on the non-examining Dr. Bergsten's report, which itself contained errors, without adequate justification for that reliance (Id.). The Magistrate Judge found that perhaps the ALJ's most critical error was his failure to include functional limitations in Plaintiff's mental RFC that were found both by an examining consultant and by Dr. Bergsten (Id.). Moreover, according to the Magistrate Judge, it remains unclear what weight the ALJ gave to the reports of the two consulting psychologists who examined Plaintiff (Id.).

The first of the two consulting psychologists, George Schulz, Ph.D., examined Plaintiff in January 2006 (Id.). Dr.

8

Schulz diagnosed Plaintiff with an anxiety disorder, and did not find any depression, as his examination apparently occurred prior to that diagnosis and Plaintiff's onset of more severe symptoms (Id.). In December 2006, the second consulting psychologist, Nicole Leisgang, Psy. D., found more severe symptoms and decreased level of activity, and diagnosed Plaintiff with moderately severe major depressive disorder (Id.). The Magistrate Judge found Dr. Leisgang's findings to be consistent with Dr. Moon's (Id.).

The Magistrate Judge said that the ALJ briefly described the reports of Drs. Schulz and Leisgang, but never explained what if any weight he was giving to those reports in assessing Plaintiff's mental RFC (Id.). Instead, the ALJ's opinion relied heavily upon the opinions of non-examining consultants who allegedly reviewed the opinions of examining consultants, such as Dr. Bergsten (Id.). The Magistrate Judge further pointed out that as a non-examining consultant, Dr. Bergsten appears to have based her report almost exclusively on the report of Dr. Leisgang (Id.). The Magistrate Judge stated that despite Dr. Bergsten's reliance on the report of Dr. Leisgang, Dr. Bergsten inconsistently concluded (without discussion) that Plaintiff was "able to work at a steady pace to perform simple and complex tasks of a familiar nature" (Id.). Additionally, Dr. Leisgang's report reflects a significant decrease in Plaintiff's activity level, a fact not referenced by Dr. Bergsten (Id.).

9

The Magistrate Judge said that the ALJ's failure to include additional mental limitations in Plaintiff's RFC appears to be based upon a misreading of the whole of Dr. Bergsten's opinion, as well as improper deference to portions of that opinion without adequate explanation (Id.). Both Drs. Leisgang and Bergsten agreed that Plaintiff would have moderate difficulties in maintaining concentration and pace (Id.). The Magistrate Judge found that a failure to find any limitations concerning concentration and pace, not to mention the lack of discussion of Plaintiff's potential inability to sustain work, results in a lack of susbtantial evidence to support the ALJ's non-disability finding (Id.).

The Magistrate Judge found that the ALJ committed additional error by failing to fully evaluate Plaintiff's limitations as a whole, as if Plaintiff's depression were completely separate from her back pain (Id.). The ALJ concluded that Plaintiff's limitations "relate primarily to mental, not physical impairments" (Id.). The Magistrate Judge said that that type of analysis is in contradiction with the Social Security Act and governing regulations (Id. citing 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. § 404.1523)). Dr. Moon clearly opined that Plaintiff's depression intensified her experience of her chronic pain, and that the two conditions together create an incapacitating cycle of pain and depression (Id.). Several other medical sources, including the medical expert (ME), a rheumatologist, came to similar conclusions

10

(Id.). The Magistrate Judge added that the ALJ compounded the error by restricting the ME's testimony to evaluation of Plaintiff's physical limitations and to her reports of pain supported by objective physical evidence (Id.).

**B. Second Assignment of Error**

The Magistrate Judge found that the failure of the ALJ to consider evidence of Plaintiff's impairments as a whole also impacted his credibility assessment - the subject of the Plaintiff's second statement of error (Id.).

The Magistrate Judge stated that in evaluating complaints of disabling pain, the fact-finder will first examine "whether there is objective medical evidence" that "confirms the severity of the alleged pain" or "can reasonably be expected to produce the alleged disabling pain" (Id. citing Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 531 (6th Cir. 1997)). The Magistrate Judge added that "if disabling severity cannot be shown by objective medical evidence alone, the Commissioner will also consider other factors, such as daily activities and the type and dosage of medication taken (Id. citing Walters, 127 F.3d at 531).

The Magistrate Judge found that although the ALJ noted that Plaintiff's physical problems did not support the level of pain she claimed to experience, he failed to discuss her years of treatment for chronic pain following failed back surgery in July 2004, as well as her prescribed use of a cane and failed attempts

11

to return to work (Id.). The ALJ emphasized Plaintiff's daily activities prior to her diagnosis of depression (Id.).

Although it is the province of the ALJ, and not that of the reviewing court, to evaluate the credibility of the claimant, the ALJ's credibility determination must still be supported by substantial evidence (Id. citing Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 247 (6th Cir. 2007)). The Magistrate Judge said that when, as in this case, a claimant's complaints are not supported by objective medical evidence, the ALJ must make a determination of the credibility of the claimant in connection with his or her complaints "based on a consideration of the entire case record" (Id. citing Rogers, 486 F.3d at 247)).

The Magistrate Judge noted that the ALJ discussed various factors that caused him to question Plaintiff's credibility (Id.). The ALJ noted that there is no evidence that Plaintiff has required hospitalization for psychiatric complaints (Id.). The Magistrate Judge said that this observation is undercut by the ALJ's mischaracterization of the extent of Plaintiff's mental health treatment (Id.). The ALJ also pointed out that Plaintiff did not seek significant mental health treatment until after she applied for disability benefits (Id.). The Magistrate Judge stated that the records reflect that Plaintiff's chronic pain directly led to the onset of depression over time (Id.). The ALJ also focused on Plaintiff's reports of her daily activities, but the Magistrate

12

Judge found that the evidence in the record reflects a significant decrease in those activities over time (Id.). Lastly, the Magistrate Judge found that the ALJ mischaracterized the record when he discredited Plaintiff after finding that she did not stop working because of her alleged impairments but instead because she was fired (Id.). The Magistrate Judge pointed out that the Plaintiff reported that she was fired by the hospital at which she was a nurse for "abandonment" at a time when she was on disability for her condition, and that she was then in litigation for "unlawful termination" (Id.).

Having reviewed this matter, the Court finds the Magistrate Judge's Report and Recommendation well-reasoned and correct to the extent that it demonstrates the ALJ erred in his analysis of Plaintiff's condition. The Court finds the evidence of Dr. Moon, the treating physician, constitutes substantial evidence supporting a finding of disability. As such, the Court sees no need to remand this matter for further consideration, but rather finds appropriate an outright award of benefits.

Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 11) to the extent that it finds the ALJ erred in his determination of non-disability. However, as the Court finds substantial evidence of disability, the Court REJECTS the Magistrate Judge's recommendation that the matter be remanded. The Court instead REVERSES the ALJ's decision and

13

AWARDS Disability Insurance Benefits to Plaintiff.

        SO ORDERED.

DATED: November 2, 2011   /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge